# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>POSITIVE HEALTH<br>MANAGEMENT, INC.,<br>    Debtor. | § § § § § § | Bankruptcy Case No. 08-31630 |
| RANDY WILLIAMS, Chapter 7<br>Trustee,<br>    Plaintiff, | § § § § § | Adversary No. 10-03121 |
| v. | § § | **CIVIL ACTION NO. H-11-3436** |
| BBVA COMPASS BANK f/k/a<br>Compass Bank; FIRST NATIONAL<br>BANK; PROGRESSIVE COUNTY<br>MUTUAL INSURANCE COMPANY,<br>and SYNERIMAGES HEALTHCARE<br>CONSULTING, LLC,<br>    Defendants. | § § § § § § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Amend Findings of Fact and Conclusions of Law or, in the Alternative, Motion for New Trial ("Motion") [Doc. # 4] filed by Plaintiff, Randy Williams, in his capacity as Trustee of the Chapter 7 estate of Positive Health Management, Inc. ("Trustee"). The Court **denies** the Motion, and the Final Judgment [Doc. # 3] entered September 27, 2011 stands as this Court's final judgment.

**I.      BACKGROUND**

Debtor Positive Health Management, Inc. operated pain management clinics in a building in which Defendant First National Bank ("FNB") held a security interest. Debtor made pre-petition transfers to FNB from February 2007 through February 2008. Because FNB was receiving these payments, it did not pursue foreclosure or other collection efforts in connection with the building. The Trustee initiated the above-referenced adversary proceeding against FNB, seeking to recover the amounts transferred by Debtor to FNB as fraudulent. FNB responded that the transfers were made to it in good faith and for reasonably equivalent value.

The dispute between the Trustee and FNB was tried in the United States Bankruptcy Court, which issued proposed Findings of Fact and Conclusions of Law [Doc. # 1]. The Bankruptcy Judge proposed finding that FNB had proven by a preponderance of the evidence that it received payments from the debtor in good faith and for value. The Bankruptcy Judge proposed that, as a result, FNB was entitled to prevail on its 11 U.S.C. § 548(c) defense that it received the transfers in good faith and for reasonably equivalent value. This Court, after reviewing the full record, agreed and entered Final Judgment on the Bankruptcy Court's proposed Findings of Fact and Conclusions of Law.

The Trustee filed the pending Motion, arguing that FNB had not asserted the § 548(c) affirmative defense prior to trial. This Court referred the Motion to the United States Bankruptcy Court by Order [Doc. # 5] entered October 12, 2011.

On November 7, 2011, FNB filed a Motion to Amend Answer. The Bankruptcy Court granted FNB's request and allowed it to amend its answer to conform to the evidence admitted at trial. The Bankruptcy Court also reopened the record to permit either party to introduce additional evidence on the § 548(c) affirmative defense. On May 15, 2012, the Trustee introduced additional evidence, then both parties presented closing arguments. The Bankruptcy Court issued its Report and Recommendation [Doc. # 6] on August 2, 2012. The Bankruptcy Court recommended that the Trustee's Motion be denied. The Trustee filed Objections [Doc. # 7] and FNB filed a Response [Doc. # 9]. The Motion is ripe for decision by this Court.

## II.     **APPLICABLE LEGAL STANDARD**

The Trustee's Motion was filed pursuant to Rule 52(b) of the Federal Rules of Civil Procedure seeking amended findings of fact and conclusions of law, and pursuant to Rule 59(a)(2) seeking a new trial.

The purpose of Rule 52(b) is, generally, to correct manifest errors of law or fact. *See Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207, 1219 (5th Cir. 1986).

"This is not to say, however, that a motion to amend should be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Id.* To prevail on a Rule 52(b) motion to amend, the moving party must show that the Court's findings of fact or conclusions of law are not supported by evidence in the record. *Id*.

"Rule 59(a)(2) provides that '[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.'" *Asarco LLC v. Americas Min. Corp.*, 2009 WL 2168778, *2 (S.D. Tex. July 20, 2009) (quoting FED. R. CIV. P. 59(a)(2)). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Id.* (quoting *Sibley v. Lemaire,* 184 F.3d 481, 487 (5th Cir. 1999)).

## III.   ANALYSIS

The Trustee objects to the Bankruptcy Court's Report and Recommendation because it improperly allows FNB to amend its answer to raise the § 548(c) affirmative defense, it is based on erroneous factual findings, and it incorrectly allows FNB to avoid liability for the entire amount it received from the debtor.

**A.     Amendment to Answer**

The Trustee argues that the Bankruptcy Court erred by allowing FNB to file its Second Amended Answer six weeks after the entry of a final judgment. The Bankruptcy Court noted correctly that a reasonable construction of FNB's First Amended Answer, filed before trial, was that FNB was asserting the § 548(c) defense. Specifically, FNB stated that "[t]o the extent that it is an affirmative defense, FNB is a secured creditor of the Debtor." The Bankruptcy Court found that this is a simple statement of the § 548(c) defense notwithstanding FNB's failure to cite the relevant statute. Consequently, no post-trial amendment was required.

As an alternative basis for rejecting the Trustee's argument that the amendment should not have been allowed, this Court concludes that amendment was proper pursuant to Rule 15(b)(2) of the Federal Rules of Civil Procedure. "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move – at any time, even after judgment – to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." FED. R. CIV. P. 15(b)(2). "Express consent may be given in the pretrial order." *Fitch Marine Transport, LLC v. Am. Comm. Lines, LLC*, 2010 WL 5057516, *5 (E.D. La. Dec. 3, 2010). "It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and

evidence to be presented at trial." *Id.* (quoting *McGehee v. Certainteed Corp.,* 101 F.3d 1078, 1080 (5th Cir. 1996)). In cases where "neither the pleadings nor the pretrial order contain a claim, that claim may still proceed if the record contains sufficient evidence to convince the court that the parties consented to the adjudication of the issue." *Elder Offshore Leasing, Inc. v. Bolivarian Republic of Venezuela*, 297 F. App'x 351, 355 (5th Cir. Oct. 22, 2008) (citing *Am. Standard Credit, Inc. v. Nat'l Cement Co.*, 643 F.2d 248, 257 n.4 (5th Cir. 1981)).

In this case, FNB presented its § 548(c) defense in its Motion for Summary Judgment [Adv. Doc. # 109] by asserting that it gave reasonably equivalent value for the payments it received from the debtor. In its Order denying FNB's Motion for Summary Judgment, the Bankruptcy Court specifically identified as an issue for trial "whether the Debtor received reasonably equivalent value for its transfers to FNB." *See* Order [Adv. Doc. # 125]. In the parties' Joint Pretrial Statement [Adv. Doc. # 94], signed by counsel for the Trustee, the parties identified as a contested factual issue whether FNB "provided services to Debtor that were reasonably equivalent in value to $331,410.44." The record in the adversary proceeding, both pretrial and during trial, shows that the § 548(c) issue was tried by the parties' express and/or implied consent. As a result, leave to amend pursuant to Rule 15(b)(2) was appropriate.

**B.    Sufficiency of Evidence**

The Trustee argues that the Bankruptcy Court erred when it found that FNB provided $253,333.33 in value to the debtor during 2007 and 2008 because the evidence at trial specifically referred only to rental values in 2005 and early 2006. This Court finds, as it did previously, that the evidence in the record and the reasonable inferences therefrom support the finding regarding the rental value of the property in 2007 and 2008.

### C.     Amount of Judgment

Section 548(c) provides transferees such as FNB a defense against a trustee's successful demonstration of an actual or constructive fraudulent transfer, stating that a transferee who "takes for value and in good faith has a lien on or may retain any interest transferred . . . *to the extent* that such transferee" gave value to the debtor in exchange for such transfer. 11 U.S.C. § 548(c) (emphasis added). The Trustee argues that the Bankruptcy Court erred by allowing FNB under § 548(c) to avoid liability for the full $367,681.35 it received from the debtor rather than only "to the extent" of the $253,333.33 rental value. The record establishes, however, that FNB "gave value" to the debtor beyond the rental value of the property. In *In re Hannover Corp.*, 310 F.3d 796, 803 (5th Cir. 2002), the Fifth Circuit recognized that "value" for purposes of § 548(c) is viewed from the perspective of the transferee (here FNB), not from the perspective of the debtor. In that case, the value given included the option to purchase

the property. In this case, FNB received the transfers from Debtor in exchange for use of the building (rental value) and additional value in the form of its forbearance from foreclosing on the property, thereby allowing the debtor to engage in ongoing business operations to generate continued cash flow. The Bankruptcy Court properly applied § 548(c) and, based on the evidence in the record, concluded that FNB "gave value" in exchange for the full $367,681.35 it received from the debtor.

## IV. CONCLUSION AND ORDER

Based on this Court's *de novo* review of the record and the application of relevant legal authorities, the Court overrules the Trustee's Objections and adopts the Bankruptcy Court's Report and Recommendation. Accordingly, it is hereby

**ORDERED** that the Trustee's Motion [Doc. # 4] is **DENIED** and the Final Judgment [Doc. # 3] entered September 27, 2011, stands as this Court's final judgment.

SIGNED at Houston, Texas this 7th day of **September, 2012**.

Nancy F. Atlas
United States District Judge