# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| POSITIVE HEALTH | § | Bankruptcy Case No. 08-31630 |
| MANAGEMENT, INC., | § | |
|     Debtor. | § | |

_____

| | | |
|---|---|---|
| | § | |
| RANDY WILLIAMS, Chapter 7 | § | |
| Trustee, | § | Adversary No. 10-03121 |
|     Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. H-11-3436** |
| | § | |
| FIRST NATIONAL BANK, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Entry of An Order Awarding Attorneys' Fees ("Motion for Fees") [Doc. # 24], filed by Randy Williams, Chapter 7 Trustee ("Trustee"). The Trustee seeks an award of $278,793.00 in attorneys' fees pursuant to the Texas Uniform Fraudulent Transfers Act ("TUFTA"), TEX. BUS. & COMM. CODE § 24.013. The Federal Deposit Insurance Corporation ("FDIC"), as receiver for First National Bank, filed a Response [Doc. # 31], and the Trustee filed a Reply [Doc. # 32]. Having considered the full record and applicable legal authorities, the Court **denies** the Motion for Fees.

## I. BACKGROUND

Debtor Positive Health Management, Inc. operated pain management clinics in a building in which Defendant First National Bank ("FNB") held a security interest. Debtor made pre-petition transfers to FNB from February 2007 through February 2008, which the Trustee sought to recover as fraudulent under § 548 of the Bankruptcy Code and under TUFTA.

The dispute between the Trustee and FNB was tried in the United States Bankruptcy Court, which issued proposed Findings of Fact and Conclusions of Law [Doc. # 1]. The Bankruptcy Judge proposed finding that the Trustee had proven that the transfers were fraudulent under § 548 and TUFTA, but that FNB had proven by a preponderance of the evidence that it received the payments in good faith and for value, thus establishing its affirmative defenses under 11 U.S.C. § 548(c) and under TUFTA § 24.009.[1] This Court, after reviewing the full record, agreed and entered Final Judgment [Doc. # 3] on the Bankruptcy Court's proposed Findings of Fact and Conclusions of Law.

---

[1] Section 548(c) provides that a transferee who receives a transfer "for value and in good faith" may retain any interest transferred "to the extent that such transferee" gave value to the debtor in exchange for the transfer. 11 U.S.C. § 548(c). The Texas Business and Commerce Code provides that a transfer "is not voidable . . . against a person who took in good faith and for a reasonably equivalent value . . .." TEX. BUS. & COMM. CODE § 24.009(a).

The Trustee appealed the Final Judgment, but argued on appeal only that the Bankruptcy Court and this Court misapplied § 548(c). *See* Appellant's Brief, Fifth Circuit Case No. 12-20687. The Trustee argued that the proper application of § 548(c) was a matter of first impression in the Fifth Circuit. *See id.*

The Fifth Circuit held that the protections of the § 548(c) affirmative defense apply only to the extent of the value given and that "netting" is required. *See Williams v. FDIC*, 769 F.3d 899, 908-09 (5th Cir. 2014). As a result, the Fifth Circuit rendered judgment in the Trustee's favor in the net amount of $114,348.02. *See* Fifth Circuit Judgment [Doc. # 22]. The Fifth Circuit ordered that each party bear its own costs. *See id.*

The Trustee now seeks an award of $278,793.00 in attorneys' fees pursuant to § 24.013 of the Texas Business and Commerce Code. The Motion for Fees has been fully briefed and is now ripe for decision.

## II. <u>ANALYSIS</u>

Section 24.013 of the Texas Business and Commerce Code permits the Court to award costs and "reasonable attorneys' fees as are equitable and just." *See* TEX. BUS. & COMM. CODE § 24.013. Section 24.013 applies only to claims brought under TUFTA. *See id*. ("In any proceeding under this chapter . . ."); *In re Youngblood*, 2009 WL 1232103, *12 (Bankr. S.D. Tex. Apr. 29, 2009). In this case, the Court ruled

against the Trustee on the TUFTA claim, holding that FNB had proven the § 24.009 affirmative defense. The Trustee did not appeal that decision and the Fifth Circuit's opinion does not address this Court's ruling on the § 24.009 defense. On this basis, the Court concludes that the Trustee did not prevail on a TUFTA claim and is not entitled to an award of attorneys' fees pursuant to § 24.013.

The FDIC was appointed receiver for FNB in September 2013, while the appeal was pending. Absent special circumstances not present here, a party may not recover attorneys' fees against the FDIC as receiver for a failed bank "because doing so would violate the rule that the assets of a failed institution should be ratably distributed amongst its creditors holding approved or adjudicated claims." *FDIC v. Scott*, 125 F.3d 254, 260 (5th Cir. 1997); *see also Interfirst Bank-Abilene, N.A. v. FDIC*, 777 F.2d 1092, 1097 (5th Cir. 1985) ("where recovery of attorneys' fees is not specified in the parties' contract or where there is no collateral fund from which they can be recovered, a claim for attorneys' fees cannot be asserted against the assets of a failed bank"). Consequently, the Trustee is not entitled to an award of attorneys' fees against the FDIC, as receiver for FNB.

Section 24.013 permits a court to award attorneys' fees "as are equitable and just." The section does not apply to TUFTA claims on which the party seeking to recover fees did not prevail, and an award of fees against the FDIC as receiver for a

failed bank is disfavored and is permitted only in limited circumstances not present here. As the Trustee conceded in his Appellant's Brief, the proper application of § 548(c) was an issue of first impression in the Fifth Circuit and one on which the federal circuits that had addressed the issue were in disagreement. The Court notes also that the Fifth Circuit in its Judgment ordered that each party bear its own costs. As a result, the Court concludes that an award of fees to the Trustee against the FDIC is not equitable and just in this case.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that the Trustee is not entitled to an award of attorneys' fees pursuant to § 24.013. Accordingly, it is hereby

**ORDERED** that the Trustee's Motion for Entry of an Order Awarding Attorneys' Fees [Doc. # 24] is **DENIED**.

SIGNED at Houston, Texas this 5th day of **January, 2015**.

_____
Nancy F. Atlas
United States District Judge